*243
 
 White, J.
 

 delivered the following opinion of the court.
 

 The record shows that this was an action commenced by
 
 sci. fac.
 
 against the sheriff, viewing him as bail for Isaac Brownloe, against whom the plaintiffs had issued a
 
 capias ad respondendum,
 
 directed to the sheriff of Knox county, upon which die defendant endorsed the time when it was received, and likewise, executed and committed to the common prison of the county, and dated the return on the day the commitment took place, which was anterior to the
 
 day
 
 on which the court sat to which the writ was returnable. The plaintiffs proceeded with their cause against B ownloe and recovered a judgement ; took out a
 
 copias ad satisfacien dum against
 
 him, upon which the sheriff returned,
 
 non, est
 
 
 *244
 
 inventus; after which this sci.
 
 fac.
 
 was sued out; to it, the sheriff by his counsel appeared in the circuit court, and moved that the scire
 
 facias
 
 might be quashed, which motion was overruled ; he then filed several pleas, first,
 
 nul tie
 
 l
 
 record,
 
 upon which issue was taken. Second, a plea which represents the same facts in substance, that are stated in the return on the
 
 cap. ad. res.
 
 to wit, that he executed the writ, and committed the defendant Brownloe to prison for want of bail. The third plea varied in form, but not in substance, from the second. To each of these last pleas the plaintiffs demurred, and after argument, the circuit court overruled the demurrers ; from which decision, the plaintiffs appealed, and the main question made in this court was, whether the demurrers ought to have been overruled. One or two other questions were, made, upon which the court gave no opinion, as it was unnecessary.
 

 Whatever is said, will be as much applicable to the second as to the third plea, therefore, both will be considered at the same time. Two questions seem naturally to grow out of the point made by these demurrers. First, whether the sheriff is responsible in any mode ? Secondly, whether he is responsible in the mode the plaintiffs have pursued. As to the first, it may be laid down as a general rule, that the return of a sheriff ought to show, that he has done that which the face of the process commanded him to do, or state such facts as, in law, will form an excuse for not having done so. The
 
 cap. ad resp.
 
 against Brownloe, commanded him to take the body of the defendant, if to be found in his county, and him safely keep, so that he have his body before the court &c. to answer the plaintiff in a plea, &c. The answer to this command as disclosed in this return, and in the plea, is, that he executed the writ, that is, arrested the defendant, and committed him to prison on a particular day, anterior to the return. What became of him afterwards is not said, either in the return, or in the pleas. We are bound to suppose, that he, by some means escaped, either with or without the consent of the sheriff, between the time of his commitment, and the issuing of the
 
 cap. ad satis.
 
 because, if still in jail, the sheriff could not have returned,
 
 non est inventus
 
 upon that process. If still in his prison, he would have been easily found, and the sheriff would, no doubt, have returned that he was still in confinement. Assuming it then, as a fact, which we must believe from this record, that Brownloe had actually escaped, and could not be produced to satisfy the judgment recovered, and that no bail had been taken by the
 
 *245
 
 sheriff, and that the sheriff has signified no matter whatever to excuse this escape, this question finally presents itself. Is the sheriff responsible ? At common law, when the sheriff arrested a man upon a cap.
 
 ad resp.
 
 he was bound to produce him at the time he returned the writ. The plaintiff could not proceed with his suit without the production of the defendant, and the court would compel the sheriff to produce him, or it would amerce him
 
 ;
 
 but if he did produce the defendant when he returned his process, what he had done with him, between the service and the return of the writ, was matter of no importance. As the sheriff was thus bound by law to produce the defendant, it was left at his own discretion to take bail for his appearance or not. The consequence of this, was, that sheriffs, frequently abused this discretionary power of taking bail, by confining those who would offer good bail, until they extorted considerable sums from defendants to procure that indulgence, which the sheriffs ought to have shown without exacting any compensation. To remedy this evil, the parliament in the reign of Hen. 6th passed a statute to compel sheriffs to receive bail when that which was good was offered.
 

 The only alteration produced by this state was in case of defendants ; still the sheriff was bound to produce the defendant at the return of the
 
 writ;
 
 and if he did not. he was responsible to the same extent, and in the same mode that he was before passing that statute ; and whatever damage he sustained by the non-appearance of the defendant, he could be remunerated for upon the bond which he had taken, which was payable to himself and not to the plaintiff. Afterwards another statute was passed, empowering sheriffs to assign these bonds, which they took for the appearance of defendants, to the plaintiffs ; and after this statute, if the plaintiffs thought the bail for appearance good, they could, where the defendants did not appear, sue upon the bond, and by that means, force an appearance, or collect their demand. When a defendant appeared to the action, he did so, by giving in court, or to some authorised person out of court, what was called bail above, or bail to the action. When this was done the suit went on, and it the plaintiff recovered a judgment, he could make the bail to the action pay his demand, unless the body of the defendant was surrendered up, that the plaintiff might have him in execution, if he chose, or the defendant himself made payment. Through all the different changes of the law, the utmost strictness was observed towards sheriffs, where they had taken bail to secure the plain
 
 *246
 
 tiff, and in every instance where they suffered a defendant to escape, after the time of executing the
 
 cap. ad resp.
 
 they were made responsible, until they could, and did, assign some satisfactory excuse for such escape.
 

 The remedy which the plaintiff had against them was an action on the case for an escape on mesne process. If the sheriff voluntarily suffered the defendant to escape, it was unlawful for him to retake him, and he was responsible to the plaintiff. If the escape was involuntary, but by the negligence of the sheriff, he was responsible, unless he pursued and retook the defendant, before the plaintiff commenced his action against him. The cases in which sheriffs were excused for escapes, were very few ; and only in such as he could not by reasonable exertions prevent; for example, where the defendant was turned loose by the common enemy of the country, where he was rescued on his way to jail by a mob, or where the jail in which the defendant was confined, was blown down by a tempest, and the defendant thereby escaped
 
 ;
 
 but in every case the sheriff must himself show his execuse, if he has one, It is never to be presumed. If this were an action for an escape on mesne process, and that remetly was in force by our law, and such pleas as these were filed, they would require but little consideration. He took the defendant, and put him in jail.” There, he stops. What became of him afterwards
 
 ?
 
 By what means did he get out? What exertions have been use by the sheriff to retake him
 
 ?
 
 These would be important inquiries, and the sheriff would have to disclose them in such way as to excuse himself, or be bound to satisfy the plaintiff. These pleas seem to take it for granted, that when the sheriff executes a cap.
 
 ad resp.
 
 commits the defendant to prison, that he has no farther concern in the matter. That there, his duties cease: This is a
 
 most
 
 important mistake, and cannot be too soon corrected. It is as much his duty to
 
 keep
 
 him in jail, until he is properly discharged, as it new to put him there. The jail is his house, designed to enable him the more effectually to discharged, his duty; and if he, by any means, suffers debtors to escape, the creditors have a right to know by what means it happened ; and if it did not happen under such circumstances as with furnish a legal excuse, they will make him responsible.
 
 Chit. on plead. 226,
 
 569, 601, 5 Bac. abr. Gw l, 384 were cited to prove that these pleas were in substance good. That the plaintiff ought t
 
 o
 
 have, replied to them. That the court would presume any additional facts neccessary to make the pleas good.
 

 
 *247
 
 These authorities show, that where the main fact necessary to constitute a good defence is pleaded, if the law requires this fact to be accompanied by certain circumstances, that the court may infer the circumstances ; but it is believed there is no book to be found which will prove, that a court upon a demurrer can presume the main fact necessary to a good plea to have existed, when she fact itself is not stated in the plea. These pleas are no answer whatever to the action. Supposing it one for an escape, what is the gist of the complaint ? Why, that the defendant is gone, and the plaintiffs cannot find him to satisfy their demand. What is the answer ?
 
 T
 
 hat he took him and confined him in jail before the sitting of the court, and there it ends. The main points are, what became of him ; how did he escape
 
 ?
 
 Not a word in the pleas on these points. The pleas ought
 
 to
 
 answer the merits of the complaint, and to disclose such facts, as,
 
 prima facie,
 
 would exonerate the defendant. These are not believed to be of that description. Although it may be true, that the sheriff would, in some mode, be responsible to the plaintiffs, it is yet to be considered whether he is responsible in this mode.
 

 If he is at all answerable, it must either be in the action of escape, or upon sci, fa. No other has been suggested, nor do we know of any other. One mode, then, of seeing whether the proper remedy has been pursued in this case, will be to inquire, whether, under our laws, an action on the case will lie against a sheriff, for an escape on mesne process. If there be a right to recover of the defendant, and only two methods of suing for redress, can be proposed, and it can be shown, that in one of them, the plaintiff must fail, it would fairly be concluded, that the other is the proper remedy.— Could a recovery, then, be had in the action of escape
 
 ?
 
 This will entirely depend upon the true construction of the different acts of Assembly, which relate to this subject. Our act of 1794 is taken from the North Carolina act of
 
 1777,
 
 and is in the same words ; therefore, whatever is a correct construction of the one, must be of the other likewise. Ired. Rev. 300, act of 1777, c. 2. s. 16, points out the duty of the sheriff, when he executes a
 
 cap. ad
 
 resp. to the effect following ; that when he serves the writ, he shall take a bail bond, with two sufficient securities, in double the sum for which the person is held in arrest, and shall return such bond, with the writ; and in case the sheriff shall fail, or neglect to take such bond, or the bail returned, be held insufficient, on exception taken to them, he shall be held and stand as spe
 
 *248
 
 cial bail
 
 ;
 
 and the plaintiff may proceed to judgment according to the rules afterwards prescribed in the act. By s. 17 the sheriff is directed to assign the bail bond to the plaintiff and if he fail to do so, he shall be held and taken as special bail. Sec. 18 enacts, that when any sheriff shall return, that he hath taken the body of and defendant, and committed him to the prison of his county, the plaintiff may enter the defendant’s appearance, and he shall be at liberty to plead, and the plaintiff may proceed to judgment, as in other cases ; provided that the defendant shall not be discharged out of custody, but
 
 by putting by bail,
 
 or rule of court.
 

 Sec. 19 enacts, that all bail taken according to the act, shall be special bail, and as such, liable to the recovery of the plaintiff
 
 ;
 
 but the plaintiff, after final judgment shall not take out execution against the bail, until a
 
 ca. sa.
 
 be returned that the defendant is not to be found in his proper county, and until a sci.
 
 fac.
 
 hath been returned, made known to the bail. Sec. 20 enacts, that the bail shall have liberty, before final judgment recovered against him, to surrender to the court, or to the sheriff during either the sitting, or the recess of the court, the principal in discharge of himself ; and such bail shall have power to arrest the principal and secure him, until he can make the surrender ; and the sheriff is required to receive the surrender, and hold the body of the defendant in custody, as if bail had never been given. The 1st sec. of the act passed at the second session of the Assembly, 1809, c. 6, enacts, that where the principal is surrendered, the sheriff shall take bail in the same manner he is authorised to do, when he executes a
 
 cap. ad resp.
 
 in the first instance. Since the making of these different provisions by statutes, could a plaintiff maintain an action against the sheriff for an escape
 
 ?
 
 We think ourselves safe in stating, that such action could, in every instance, be defeated by the plea of
 
 a
 
 sheriff, unless in the single case where he had concluded himself, by returning an escape, which return had become a matter of record ; and very probably in that case likewise ; but in this case no such return is made. . .
 

 If upon executing a writ, the sheriff takes no bail bond, and suffers the defendant to go at large, the action will not lie, nor can the sheriff be made answerable by attachment, or any rule taken upon him. His situation is the same if he takes insufficient bail, or if the bail bond is not assigned.— The act is clear in those three cases, that he shall only be proceeded against as bail. In the case before the court, he
 
 *249
 
 committed the defendant for want of bail, which, it is said, is evidence that the sheriff was not himself bail—that no such connection as that of principal and bail exists, between the defendant and sheriff. This return may be evidence, that on the day it was written, the sheriff was not bail, but it is no evidence as to any thing, which might have taken place afterwards. The sheriff might, at any subsequent period, have voluntarily discharged the defendant, and thereby become bail. Under the 18th sec. of the act of
 
 7777
 
 it is provided, the defendant shall not be discharged, except upon giving-bail, or by rule of court. Suppose an action for the escape to have been commenced, and to that action the sheriff had pleaded that on some day, subsequent to the time specified in the return, he had voluntarily discharged the defendant from confinement, and thereby became bail himself, Would not such bail have been good ? We are very clear it would, because the law authorised his discharge upon giving bail, and as the sheriff is always, by this law, viewed as-good bail, he could at any time have elected to consider himself so, and insist that he should not be proceeded against in an action, which would deprive him of many advantages that he would be entitled to, if proceeded against as bail,— Suppose an escape to have happened by negligence, and the sheriff to be sued in an action? for it—could he not plead that the escape was consented to by him ? Suppose him to plead, than after the escape, he had consented to let the prisoner go at large ; would he not thereby defeat the action ? It is believed he would, because at any time pending the action, it would be lawful for the sheriff, upon receiving good bail to discharge the defendant from confinement; and if it was lawful thus to discharge, why should it be unlawful for him to become bail for the defendant himself
 
 ?
 
 The laws do not prohibit this, and the plaintiff is not injured by it.— Why, then, harrass the sheriff with an action, from a recovery in which, he could not be shielded, unless lie retook the defendant before its commencement
 
 ?
 
 Whereas if he was to be considered as bail, the plaintiff could not proceed against him until the justice of his demand against his original debtor, was ascertained by a judgment, and ca.
 
 sa.
 
 issued upon that judgment. Suppose bail to have once been taken, and the defendant surrendered by them, pending the action. The defendant is in the same situation as if he had bees imprisoned for want of bail; and suppose him to escape, the sheriff could consider himself bail, and defeat an action against himself for the escape. Why? Beacause
 
 *250
 
 having the power to have taken others as bail, if offered, he had the right to be bail himself if he chose, and the plaintiff does not sustain any injury thereby, vide 1st Haywood’s Rep. 224.
 

 Even, in the case where the sheriff returns, on the process, that it was executed, and the defendant escaped, it is conceived very doubtful whether the sheriff could be charged in the action of escape. Suppose the sheriff to return the manner in which the escape was effected, and it should appear that the escape was voluntary, it is clear to us, the action could not be maintained ; because, the sheriff having consented to the release of the defendant, should stand precisely in the same situation as if he had served the writ, and never pretended to restrain the defendant. Suppose by the return, it appeared the escape was by the sheriff’s negligence ; would he be placed in a worse situation for negligence, than for connivance at, or express consent to the escape ? It would seem he ought, not. By the law of England, a voluntary escape is the most unfavorable for the sheriff, because, there, he cannot lawfully retake the defendant ; whereas in case of a negligent escape, he could be exonerated by retaking the defendant before action against himself.
 

 Shall we, then, reverse the doctrine on this subject, and say that although the sheriff, in case of a voluntary escape, shall not be liable to the action, yet we will, because he has beers negligent, prevent him from ever afterwards consenting to the escape. Tris, it is conceived, ought not to be done, All that the return of an escape could possibly, as it appears to us, prove to the prejudice of the sheriff, would be, that at the lime of making such return, he did not consider himself as bail ; but as it would be lawful for him to retake the defendant. and after such recaption take bail, if offered, or become bad himself, by a voluntary discharge, it would seem equally correct to let him consider himself as bail, without the formality of a recapture, from which no benefit could result to any one. Suppose the escape to have been produced by such circumstances as would excuse the sheriff from the imputation of its being either voluntary or negligent, there would, in that case, be no doubt he could defeat the action for escape ; we are, therefore, unable to think of a case, in which, an action on the case for an escape, on mesne process could be maintained against a sheriff, if he was judiciously defended, which we must presume would be done in every case. We are aware of the case in 1st Hayw. 485, in which
 
 *251
 
 the action for escape was maintained. The plaintiff, by bringing the action, elected to consider it an escape. The sheriff had returned an escape. What plea he pleaded to the action, or what were the precise circumstances of the case, we are unable to discover
 
 ;
 
 but incline to suppose, the proper plea was not pleaded, otherwise the action would not have been maintained. In short, the case would seem to countenance the idea, that as both parties had elected to consider it an escape, and as the court were satisfied the defendant was in some shape liable, they did not think it necessary, critically to examine whether the action was the proper remedy ; but as both parties originally, & in making up the pleadings, considered it the proper remedy, it would consider it so likewise and gave judgment. This case, therefore, does not seem to us, sufficient to remove the impressions made by examining the acts, and by the case before mentioned 1 Hayw, Rep. 225, which, as we believe, goes the whole length of establishing a principle, from which it will clearly follow, that the sheriff cannot be reached in such an action as that of which we have been speaki
 
 ng.
 

 It may now be proper to say something on the direct question before the court, and that is as to the sheriff’s liability on the
 
 scire facias
 
 considering him as bill. It may not be amiss to remark that from our statutes it is clear the legislature intended that the bail taken, shall answer every purpose of sheriffs, or appearance bail, and nail above, or bail to the action ; and why they are called special bail, it is not material to inquire. It seems clear that in three cases pointed out in the act of 1777, and in our act of 1794 the sheriff shall be proceeded against as bail. First, when no bail is taken by him when he returns the writ executed. Second, where insufficient bail has been taken, and the plaintiff has excepted, and given notice in due time.
 

 Third, Where a bail bond has been taken and is not assigned. It may be well enough to remark, that it was decided in the supreme court at Jonesborough, in the case of Scott, sheriff of Sullivan, that to make the sheriff liable as bail, in a case where he had taken no bail bond, it was not necessary that the plaintiff should file any exceptions. This is mentioned, because that section of our act is obscurely worded, and because this court approve of that decision. An attentive examination of the whole provisions of our laws, induces this court to believe, that it was the true meaning of the legislature, that in every case where a sheriff is liable at all
 
 *252
 
 for an escape
 
 on
 
 mesne process, that he shall only be liable as bail and proceeded against by
 
 scire facias,
 
 because in the only cases put by the legislature themselves, they confine the remedy to
 
 scire facias,
 
 and because, if an action in the old form is resorted to, it can always be defeated by a proper plea of a defendant, as already stated ; and it certainly never was intended that, that acton should be first
 
 commenced and defeated
 
 by a plea of the defendant, that he was himself bail, to enable the plaintiff afterward, upon
 
 scire facias
 
 to use that plea as evidence against the sheriff ; because, when in the 19th section it is said, that after a defendant is committed, he shall not be discharged without giving bail, or by rule ; the inference is irresistable, that if the sheriff does suffer him to escape without being able to shew any bail bond, or rule of courts that he himself is the bail : and because upon this construction we carry into full effect the true design of the legislature, which was, to a considerable extent, to ease sheriffs and defendants likewise. It will also make the mode of proceeding simple and uniform in all cases.
 

 Under the laws as they formerly stood, the defendant was bound to product in court, at the return of the writ, not so now, unless the sheriff chooses. If an escape happened with the sheriff’s consent, he could not exonerate himself by retaking the defendant, not so under the statute. If a negligent escape happened, the sheriff was responsible, unless he retook the defendant before the writ returned against himself, not so now. In case of an escape either voluntary or negligent, the sheriff could be immediately sued without waiting for a judgment against the defendant—since this statute he can never be sued by scire
 
 facias
 
 until judgment recovered against the defendant, and a
 
 ca. sa
 
 founded thereon returned, “ not found," and finally, if the defendant dies, or is surrendered any time before the plea to the
 
 scire facias
 
 by the sheriff, he is exonerated. These indulgences are highly reasonable in such a country as this, where, in many cases, the jails in the different counties are insecure, and it really seems strange when the laws on this subject are examined, that any sheriff should wish the old doctrine of escape enforced, which would in many instances produce most serious conse quences to the different sheriffs themselves. An honest sheriff, who faithfully endeavors to secure those committed to his custody, and who, when they escape, uses reasonable diligence to retake them, will hardly ever be subjected to the payment of juigments under the latitude allowed by our construction of tne law ; and surelv it is strict justice, and sound
 
 *253
 
 policy to enforce payment against all those, who by their own consent or connivance, or by negligence suffer defendants to escape, and give themselves no trouble to retake them. That the sheriff’s should be faithful to their duties, and diligently discharge them, is the life and soul of the law. Without this, the expense and trouble of trials are useless.
 

 Establish the doctrine once that when a sheriff commits a defendant to jail. that there his dudes cease ; that if he escape, the plaintiff may search him out as well as he can, and you are done with enforcing payments by a restraint of the defendant’s person, This is a pretence to which none of our laws give any countenance. Every indulgence given by law, these officers ought to insist on. and are most certainly entitled to ; but none others. In this case it has been urged by defendant’s counsel that by proceeding, against him as bail, he would be deprived of many defences which would avail him in an action in the ancient form
 
 ;
 
 If we thought so, we should certainly hesitate much before any such decision was made, but we think differently. The moment it is found to be the meaning of the law, that the sheriff can only be made liable on scire facias, it must also be decided, that he shall to that process have every defence which in law ought to ex onerate him. Give him every plea that would exonerate bail, so far as any of them will apply to his case, and likewise every other plea adapted to his peculiar situation If inevitable accident has put the defendant out of his power, exonerate him. If his jail by tempest has heen overturned, and his prisoner escaped the wreck, and cannot be retaken, let him plead it. If the common enemy have overrun the country, liberated the defendant, and he cannot be regained, let him plead it. In short, give him the benefit of every defence to this process, which upon legal principles will show he ought not to be liable.
 

 Again, it has been urged, that if sued in an action, he could prove that nothing was due from the original defendant. It is true that on the
 
 scire facias
 
 he cannot do this, and for the best of all reasons, because the
 
 scire facia never
 
 can issue until after the debt is ascertained by a judgment. The necessity of this defence is superseded in a way very advantageous to the sheriffs. In an action, he can be sued before judgment, and although he may contest the right of the plaintiff to recover anything of the defendant yet it is seldom this right would be of much benefit, because he could not
 
 *254
 
 well know how to find the testimony, and if he did ultimately succeed upon that point, it would be at some expence and trouble
 
 ;
 
 whereas by adopting the
 
 scire facias
 
 all this expense and trouble is
 
 saved;
 
 because if the plaintiff fails in his action, he can never sue out the
 
 scire facias.
 
 Again, it has been very much urged, that if the sheriff is proceeded against as bail, an old sheriff would be bound for every debt- or in jail when his time expired, and the new she tiff having the power over them by the transfer, and not being responsible himself, might discharge the whole of them, and thereby ruin the old sheriff. The answer to this argument seems to us so plain, that we are surprised the argument itself should be pressed. The law as already noticed empowers bail at any time pending the suit to surrender to the sheriff, or to the court; and such surrender exonerates them. Now upon a change of sheriff, let the old, surrender, have the debtors put into the custody of the new, and if the debtors afterwards escape, and a scire
 
 facias
 
 be issued against the old sheriff as bail, surely pleading the fact would exonerate him ; and the the plaintiff must look to the new sheriff for his debtor. It will be readily seen that every tiling said in this case as to escapes, relates only to escapes upon mesne process. Those upon final process, rest upon principles in some respects different, and have no connexion with the case before the court.
 

 Upon the whole, it seems to us, that the two pleas to which the plaintiffs have demurred are defective in substance, and that neither of them furnishes any legal defence to this
 
 scire facias,
 
 we are, therefore, of opinion the judgment of the circuit court be reversed ; and having been made appear to us, that there is such a record as that stated in the
 
 scire facias
 
 the plaintiffs ought to have execution against the sheriff.